

# The Attorney General of Texas

January 30, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Selden N. Snedeker
Criminal District Attorney
Cameron County Courthouse
Brownsville, Texas 78520

Opinion No. MW-135

Re: Whether a teacher related to a school trustee may be employed to perform additional work for the school district.

Dear Mr. Snedeker:

You inquire about the application of the nepotism statute to three cases of employment by the school district. Article 5996a provides as follows:

> No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election

or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree.

You first ask whether a teacher who is the husband of a school board member and who has been employed by the school district for over two years may be employed to develop curriculum guides during the summer. The spouse of an officer to whom the nepotism statute applies is considered to be related to him within the prohibited degree of affinity. Attorney General Opinions H-993 (1977); V-785 (1949). Letter Advisory No. 69 (1973) dealt with a similar question under the nepotism statute. It considered whether a school district employee with more than two years employment but within a prohibited degree of relationship to a school board trustee could be assigned to a new position. It determined that the legislature intended only that a person with two years' prior service would not lose his job if a relative were elected to an office within the article's purview. See also Attorney General Opinion M-671 (1970). Letter Advisory No. 69 (1973) went on to state that "the plain and unambiguous language of the exception makes it apply only to the 'office, position, clerkship, employment or duty' in which the person shall have been continuously employed, and that, where a forbidden relationship exists, a person may not be appointed to a different position. . . ." In our opinion, the school board may not appoint the teacher in question to the additional employment of developing curriculum guides during the summer.

You next ask whether a teacher who is the husband of a niece of a school board member and who has been employed by the school district for over two years may be employed to teach in the Adult Basic Education and Veteran's Programs after his regular teaching hours. The teacher is within a prohibited degree of relationship to the school board member. See Attorney General Opinion V-785 (1949), Letter Advisory No. 148 (1977). For the reasons discussed in answer to your first question, we believe the school board may not appoint the teacher to additional employment in the Adult Basic Education and Veteran's Programs.

You finally ask whether a clerical aide who is the wife of a school board member and who has over two years of service with the school district may receive an increase in salary given other clerical aides doing similar work. Letter Advisory No. 68 (1973) dealt with a similar situation, and concluded that the employee could receive a salary increase only if it was an increase given to other persons occupying the same position and with like experience and training. We believe the clerical aide may receive the salary increase given to all persons doing similar work

## SUMMARY

The employee of a school district who is related to a trustee within a degree prohibited by the nepotism statute may not be given new or additional employment with the school district. An employee who is within a prohibited degree of relationship to a trustee may be given a pay increase which is given to other persons occupying the same position and with like experience and training.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood